UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KERRY and MICHAEL WASHBURN, <br><br>   Plaintiffs, <br><br>   v. <br><br> GYMBOREE RETAIL STORES, INC., *et al.*, <br><br>   Defendants. | Case No. C11-822RSL <br><br> ORDER GRANTING IN PART PLAINTIFFS' MOTION IN LIMINE |

This matter comes before the Court on Plaintiff's motion in limine (Dkt. # 81). At the outset, the Court notes its displeasure with Plaintiffs' counsel's failure to adhere to the baseline requirement of meeting and conferring with opposing counsel prior to filing his motion. See Local Civil Rule 7(d)(4). The Court's patience with counsel's missteps, e.g., Dkt. # 87, is wearing thin. Nevertheless, the Court DENIES Defendants' request that it strike Plaintiffs' motion, Dkt. # 83, and finds as follows:

1. The Court GRANTS Plaintiffs' unopposed request "that non-party witnesses be excluded until after they testify," Dkt. # 81 at 2, with the exception that parties and party representatives will not be excluded. See Fed. R. Evid. 615.

2. The Court GRANTS Plaintiffs' unopposed request to exclude any evidence of settlement discussions or offers to the extent precluded by Federal Rule of Evidence 408.

3. The Court DENIES Plaintiffs' request that Defendant Gymboree identify at

ORDER GRANTING IN PART PLAINTIFFS' MOTION IN LIMINE – 1

this time who, if anyone, will be serving as their corporate representative at trial. Though admittedly less than clear, it appears Plaintiffs wish to know if Mr. Shanahan will be the designated representative. Dkt. # 81 at 2 ("Gymboree need simply state definitively whether Mr. Shanahan will be attending trial."). Assuming that is the case, the Court notes that they are free to subpoena him to ensure that he is available to call as a witness at trial.

4. The Court GRANTS Plaintiffs' unopposed request that the Court exclude Defendants' expert, Dr. Brooke Thorner, from testifying as to subjects not disclosed in her expert report. See Fed. R. Civ. P. 26(a)(2)(B)(i); Dkt. # 83 at 3. It DENIES the remainder of Plaintiffs' requests regarding Dr. Thorner. Dkt. # 81 at 4–7. Dr. Thorner will be permitted to testify as to her opinion that Ms. Washburn's depression pre-dated the conduct at issue in this case and how it may have contributed to her negative perception of events at issue in this case. She will also be permitted to testify as to her expert opinion concerning what effect other unrelated stressors may have had.[1] Plaintiffs are free to renew their objection on a more specific basis as evidence is offered at trial.

5. The Court DENIES Plaintiffs' request that it exclude inquiry or evidence of possible other stressors in Ms. Washburn's life, see, e.g., Dkt. # 83 at 7, or any inquiry into the effect of past sexual abuse on Ms. Washburn's state of mind. Dkt. # 81 at 7–9. Ms. Washburn has clearly put these stressors at issue by asserting that her condition was "exacerbated and worsened" by the stress of Defendants' actions. See Amended Complaint (Dkt. # 42) at ¶ 2.7 ("They subjected Kerry Washburn to a hostile work

---

[1] The Court disagrees with Plaintiffs' assertion that this amounts to an expert opinion as to credibility. Cf. United States v. Barnard, 490 F.2d 907, 912–13 (9th Cir. 1973). The Court also notes that Plaintiffs do not raise a Daubert challenge. To the contrary, apart from their credibility-testimony contention, they concede that Dr. Thorner is qualified to testify as an expert on the issue of Ms. Washburn's psychological condition. See Dkt. # 81 at 7 ("Here, Dr. Thorner should be allowed to testify to her opinion that Kerry suffered from Depression and that it was greatest during the period of late 2009 through 2010.").

ORDER GRANTING IN PART PLAINTIFFS' MOTION IN LIMINE – 2

1  environment based on her MS, a physical condition, and retaliated against her for
2  engaging in the Protected Activity of requesting protected leave.  The conduct was
3  severe and pervasive.  It materially altered the conditions of Kerry Washburn's work
4  environment.  <u>It exacerbated and worsened her MS as mental and emotional stress give
5  rise to medical complications with MS</u>." (emphasis added)).  They are plainly relevant,
6  Fed. R. Evid. 401, and thus generally admissible, Fed. R. Evid. 402.  The Court will
7  consider Plaintiffs' contention that certain inquiries may go "too far," and should
8  therefore be excluded pursuant to Federal Rule of Evidence 403, and that specific
9  inquiry is prohibited by RCW 9A.44.020 on an objection-by-objection basis at trial.[2]

      6.  The Court DENIES Plaintiffs' speculative request to exclude evidence "[t]o the extent documents or other matters exist which have not been produced to date."  Dkt. # 81 at 9.  Again, the Court will rule on specific objections to specific evidence as they are raised at trial.

      DATED this 7th day of September, 2012.

                               */s/ Robert S. Lasnik*
                               Robert S. Lasnik
                               United States District Judge

---

[2] The Court notes that Washington's Rape Shield Law precludes evidence of a "victim's past sexual behavior" only if offered on the issues of credibility or consent.  RCW 9A.44.020(2).

ORDER GRANTING IN PART PLAINTIFFS' MOTION IN LIMINE – 3