UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KERRY and MICHAEL WASHBURN,

Plaintiffs,

v.

GYMBOREE RETAIL STORES, INC., *et al.*,

Defendants.

Case No. C11-822RSL

ORDER GRANTING IN PART DEFENDANTS' MOTION IN LIMINE

This matter comes before the Court on Defendants' motion in limine (Dkt. # 82).[1] The Court finds as follows:

1. The Court GRANTS Defendants' request to exclude the testimony of Plaintiffs' proposed human resources expert, Mr. Richard Danehy, pursuant to Federal Rules of Evidence 702 and 403. Dkt. # 82 at 2–8. First, the Court finds that Mr. Danehy's asserted "specialized knowledge" will not help the Court, sitting as the "trier of fact[,] to understand the evidence or to determine a fact in issue." See Fed. R. Evid. 702(a). Simply put, this is not a best practices case. The question is whether Defendants' complied with their legal obligations, and the Court does not need Mr. Danehy's assistance in that inquiry. See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.

---

[1] The Court GRANTS Plaintiffs' motion to accept their late filing of their response. Dkt. # 87. As noted previously, however, it is not pleased with counsel's actions.

ORDER GRANTING IN PART DEFENDANTS' MOTION IN LIMINE – 1

523 F.3d 1051, 1059–60 (9th Cir. 2008) (concluding that testimony that "would, in effect, instruct the jury regarding how it should decide the key question [of] whether [defendant] violated a statute and thus acted improperly" was properly excluded as not "helpful"); Burkhart v. Wash. Metro. Area Trans. Auth., 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge . . . ."). Second, the Court finds that, even assuming the proposed testimony has any probative value, that value is minute and substantially outweighed by its danger of "wasting time" and "needlessly presenting cumulative evidence." See Fed. R. Evid. 403.

2. The Court also GRANTS IN PART Defendants' request to bar Plaintiffs "from using the documents or other items that [they] failed to disclose in [their] initial disclosures." Dkt. # 82 at 8–10. Though the Court would be well within its rights to exclude all of the non-disclosed evidence given counsel's apparent abject failure to comply with his baseline discovery obligations, Fed. R. Civ. P. 37(c)(1), it will exercise its discretion to exclude only those documents and evidence never disclosed to Defendants. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (harmlessness exception). Defendants are directed to object at trial when Plaintiffs seek to admit evidence never before disclosed.[2]

3. Finally, the Court GRANTS Defendants' request to limit the testimony of Ms. Washburn's treating doctors "to the opinions that they actually developed at the time of their treatment of Plaintiff." Dkt. # 82 at 10–12. As the Ninth Circuit has made clear, "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." Goodman v.

---

[2] The Court will rule on the admissibility of Plaintiffs' phone records if and when Plaintiffs seek to admit them at trial. See Dkt. # 82 at 10 n.6. If Defendants object, and Plaintiffs cannot authenticate them as a result of their failure to designate an appropriate witness, the Court will bar their admission.

ORDER GRANTING IN PART DEFENDANTS' MOTION IN LIMINE – 2

Staples The Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011).  Accordingly, because Plaintiffs failed to provide any expert report for either Dr. James Bowen or Dr. Judith DeFelice, and because they have not even argued that their failure was either "substantially justified or harmless," Yeti, 259 F.3d at 1106 (noting that "the burden is on the party facing sanctions"), they have forfeited their right to present either doctor's testimony as to opinions or determinations that he or she "did not make . . . in the course of providing treatment."[3] Goodman, 644 F.3d at 826; see Fed. R. Civ. P. 37(c)(1). Again, Defendants are directed to raise specific objections at trial to testimony that they believe crosses the line between treatment opinion and non-treatment opinion.

DATED this 7th day of September, 2012.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[3] The Court notes that Plaintiffs dispute that they intend to ask either doctor to testify about opinions not "derived during their treatment of [Ms. Washburn]." Dkt. # 85 at 9–10. The Court hopes that is the case. It notes that, per Goodman, each doctor will be permitted to testify as to matters that he or she affirms to be "based on observations made during the course of treatment." 644 F.3d at 826. Also per Goodman, though, neither will be permitted to testify as to opinions formed through post-treatment review of Ms. Washburn's medical records or other materials. Id. at 826 n.2 (holding that opinions reached after later review of the "patient's medical records" were not "opinions based on observations made during the course of treatment" (emphasis in original)).

ORDER GRANTING IN PART DEFENDANTS' MOTION IN LIMINE – 3