1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KERRY and MICHAEL WASHBURN,

Plaintiffs,

v.

GYMBOREE RETAIL STORES, INC., *et al.*,

Defendants.

Case No.  C11-822RSL

ORDER AFFIRMING
TAXATION OF COSTS

This matter comes before the Court on plaintiffs' "Motion to Retax Costs" (Dkt. # 118).  On November 30, 2012, the Clerk of Court awarded defendants $3,604.69 in costs.  Having reviewed the documents that were before the Clerk as well as the pleadings, declarations, and exhibits submitted on appeal, the Court finds as follows:

(1)  Plaintiffs do not dispute the Clerk's award of any particular costs to defendants.  Dkt. # 118 at 1.  Rather, plaintiffs contend that defendants are not entitled to recover any costs because they acted in bad faith and civil rights concepts suggest that defendants are not prevailing parties in this case even though judgment was entered in their favor.  Id. at 2.

(2)  Rule 54 of the Federal Rules of Civil Procedure ("Rule 54") provides that costs other than attorney's fees should be allowed to the prevailing party unless a statute, rule of civil procedure, or court order provides otherwise.  Fed. R. Civ. P. 54(d)(1).  Rule 54(d) creates a presumption in favor of awarding costs to a prevailing

ORDER AFFIRMING
TAXATION OF COSTS- 1

party, but the district court retains discretion to deny the award of costs. <u>Ass'n of Mexican-American Educators v. California</u>, 231 F.3d 572, 591 (9th Cir. 2000). "Courts consistently confirm that [a] party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." <u>San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement System</u>, 568 F.3d 725, 741 (9th Cir. 2009) (internal quotation marks omitted).

(3)  Even though the Court sanctioned Gymboree and Nixon Peabody $50,000 based on their failure to conduct a reasonable factual inquiry and the related obstruction of the proceedings, judgment was entered in favor of defendants. Dkt. # 111 at 15; Dkt. # 16. Thus, the Court finds that defendants are the prevailing parties for purposes of awarding costs under Rule 54.

(4)  While this Court may refuse to award costs to the prevailing party due to the party's misconduct, <u>Ass'n of Mexican-American Educators</u>, 231 F.3d at 592, the Court is not required to deny the award of costs. For example, where a court has already sanctioned the misconduct of the prevailing party, the court has discretion to deny a plaintiffs' motion to re-tax costs. <u>Ritchie v. United States</u>, 343 Fed.Appx. 238, 239 (9th Cir. 2009). However, when considering a losing civil rights plaintiff's motion to re-tax costs, a district court must consider the plaintiff's limited financial resources and "the chilling effect of imposing such high costs on future civil rights litigants." <u>Ass'n of Mexican-American Educators</u>, 231 F.3d at 592 (quoting <u>Stanley v. Univ. of S. Cal.</u>, 178 F.3d 1069, 1079-80 (9th Cir. 1999)). Plaintiffs here do not argue that they are unable to pay the costs and they have not presented any evidence regarding ability to pay.

(5)  The Court is mindful of the potential chilling effect awarding costs to prevailing defendants in civil rights cases may have. However, the Court finds that the low amount of costs awarded in this case is not likely to dissuade potential plaintiffs from pursuing claims of discrimination. Therefore, the Court finds that plaintiffs'

1    arguments are insufficient to rebut the presumption in favor of awarding costs to

2    defendants.  Therefore, the Court DENIES plaintiffs' motion re-tax costs.

3

4        For all of the foregoing reasons, the Court AFFIRMS the Clerk's taxation of

5    costs.

6        DATED this 21st day of May, 2013.

7

8

9

10                       Robert S. Lasnik
                       United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    ORDER AFFIRMING
      TAXATION OF COSTS- 3